**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF MONTANA DEPARTMENT OF REVENUE, | No. 09-36062 |
| Appellant, | D.C. No. 9:09-cv-00094-DWM |
| v. | MEMORANDUM[*] |
| GREGORY B. DUNCAN; LAURIE L. DUNCAN, | |
| Debtors-in-Possession - Appellees, | |
| DARCY M. CRUM, | |
| Trustee - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted November 4, 2010
Portland, Oregon

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:     W. FLETCHER and FISHER, Circuit Judges, and JONES, District Judge.[**]

The Montana Department of Revenue (MDOR) appeals the district court's order affirming the bankruptcy court's denial of MDOR's application for $13,447.50 in attorneys' fees.  The fees were sought by Lynn Butler, a private attorney hired by MDOR.  We will not "disturb a bankruptcy court's award of attorneys' fees unless the bankruptcy court abused its discretion or erroneously applied the law." *In re Kord Enterprises II*, 139 F.3d 684, 686 (9th Cir. 1998).  We affirm.

MDOR's primary argument is that the bankruptcy court erroneously applied the law by creating a per se rule that oversecured creditors with unchallenged claims are never entitled to attorneys' fees under 11 U.S.C. § 506(b) because such fees are inherently unreasonable.  We, like the district court, do not read the bankruptcy court's decision to create such a per se rule.  Although the bankruptcy court relied in part on the fact that MDOR's claims were unsecured and unchallenged, it also relied on the facts that MDOR had three salaried attorneys working on the case, including a bankruptcy specialist, and that Butler's work did not change the outcome of the case.

---

[**]     The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

2

Although the bankruptcy court did describe Butler's fees as "inherently unreasonable," the bankruptcy court's reference to *Hungerford* for the "inherently unreasonable" language implies that its conclusion was that Butler's fees were inherently unreasonable because MDOR had three attorneys already working on the case and there was thus little prospect that any additional benefit would result from Butler's work, not that all attorneys' fees accrued in collecting an oversecured and unchallenged claim are inherently unreasonable. *See In re Hungerford*, 19 Mont. B.R. 103, 136-138 (Bankr. Mont. 2001) ("it is inherently unreasonable to ask a debtor to reimburse attorneys' fees incurred by a creditor that are not cost-justified" (quoting *In re Huhn*, 145 B.R. 872, 876 (Bankr. W.D. Mich. 1992) (quoting *In re Nicfur-Cruz Realty Corp.*, 50 B.R. 162, 169 (Bankr. S.D.N.Y. 1985)))). We therefore conclude that the bankruptcy court conducted a reasonableness analysis based on the facts of this case.

In conducting its reasonableness analysis and denying MDOR's application for Butler's attorneys' fees, the bankruptcy court did not abuse its discretion. The burden is on MDOR to establish the reasonableness of its requested attorneys' fees. MDOR failed to carry that burden. MDOR had three attorneys working on this case, including a bankruptcy specialist. Butler never appeared at a hearing without one of these attorneys present. MDOR never explained why Butler's work was

necessary, or what value it added to the litigation. The bankruptcy court thus did

not abuse its discretion in denying MDOR's fee application.

**AFFIRMED.**